United States District Court
Southern District of Texas
**ENTERED**
March 14, 2019
David J. Bradley, Clerk

| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |

Amilcar Eugen Bautista-Velasco, §
    Petitioner, §
§
v. §
§    Civil Action H-18-3410
§
Lorie Davis, §
Director, Texas Department of §
Criminal Justice, Correctional §
Institutions Division, §
    Respondent. §

## Memorandum and Recommendation

Amilcar Bautista-Velasco was convicted of murder and sentenced to ten years in prison. (D.E. 11-2.) He filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (D.E. 1.) Lorie Davis has moved for summary judgment. (D.E. 11.) Because Bautista-Velasco's claims are unexhausted, his federal habeas petition should be denied without prejudice.

A petitioner seeking federal habeas relief must first exhaust available state remedies. *See* 28 U.S.C. § 2254(b)(1); *Busby v. Dredke*, 359 F.3d 708, 723 (5th Cir. 2004). Exhaustion requires that the petitioner pursue his claims to the state's highest court through a properly filed direct appeal or a state habeas application. *See* Tex. Code Crim. Proc. arts. 11.07 § 3(a)–(c), 44.02 *et seq.* (West 2018); *McMullin v. Thaler*, No. CIV.A.H-09-2347, 2010 WL 2606320, at *3 (S.D. Tex. June 21, 2010) (Rosenthal, J.).

Bautista-Velasco never filed an appeal or an application for state habeas relief. (*See* D.E. 11-3.) Nothing in the Texas rules bars Bautista-Velasco from filing an application for writ of habeas corpus in the state court. *See* Tex. Code Crim. Proc. Ann. art. 11.07 (West 2018); *Ex parte Vetcher*, No. 05-17-00322-CR, 2017 WL 3498479, at

*1 (Tex. App.—Dallas Aug. 16, 2017) ("Texas does not impose a statute of limitations for filing a habeas petition.").

Because Bautista-Velasco's claims are unexhausted, the court recommends that his federal habeas corpus petition (D.E. 1) be DENIED without prejudice and Davis's motion for summary judgment (D.E. 11) be GRANTED.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on March __14__, 2019.

_____
Peter Bray
United States Magistrate Judge